IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORLANDO BETHEL, et al,
    Plaintiffs,

vs.                              Case No:  3:06cv70/RV/EMT

ESCAMBIA SHERIFF'S OFFICE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon a Motion to Dismiss filed by Defendant Escambia County Sheriff's Office (Doc. 38).  Defendant contends that it is an improper Defendant, as there is no such legal entity in Florida known as the Escambia County Sheriff's Office (*id.* at 1).  Although Plaintiffs were given an opportunity to respond to Defendant's motion (*see* Doc. 44), Plaintiffs have not responded.

        Upon review, the undersigned concludes that dismissal of Plaintiffs' claims against Escambia County Sheriff's Office is warranted.  The capacity to be sued in federal court is governed by the law of the state in which the district court is located.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed.R.Civ.P. 17(b)).  In Florida, there is no such legal entity as the "Escambia County Sheriff's Department."  Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff.  Fla. Const. art. VIII, §§ 1 (a) and (d).  However, no provision is made constitutionally or statutorily for a "Sheriff's Department" as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Department given authority to be sued in such a name.  *See* Hobbs v. Holmes County Sheriff's Dep't, No. 5:04cv82/RH, Doc. 10 at 3 (N.D. Fla. July 14, 2004) (concluding that the Holmes County Sheriff's Department is not a suable entity); Turner v. Bieluch, No. 9:03cv81059, Doc. 12 (S.D. Fla. 2004) (finding that Palm Beach County Sheriff's Office lacks capacity to be

sued); Erickson v. Hunter, 1996 WL 427769, at *1 (M.D. Fla. Apr. 10, 1996) (unpublished opinion) (dismissing claims against Collier County Sheriff's Office on grounds that it lacks the capacity to be sued); Jones v. Collier County Sheriff's Dep't, 1996 WL 172989 (M.D. Fla. Apr. 9, 1996) (concluding that Collier County Sheriff's Office is not a legal entity and therefore cannot be sued). For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity.  See Hobbs, No. 5:04cv82/RH, Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."). This court notes that Plaintiffs have already named Sheriff McNesby, in his official capacity, as a Defendant.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant's motion to dismiss (Doc. 38) be **GRANTED** and the claims against Escambia County Sheriff's Office be **DISMISSED with prejudice**.

**DONE AND ORDERED** this 29th day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**