IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORLANDO BETHEL, et al.,
    Plaintiffs,

v.                        Case No. 3:06cv70/RV/EMT

ESCAMBIA COUNTY, FL., et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court upon Plaintiffs' Motion for Emergency Hearing for Preliminary Injunctive Relief [and motion for injunctive relief] According to Fed. R. Civ. P. 65 (Doc. 19) and Motion for Leave to Submit Sworn Affidavit and Videotaped Evidence and Authentication in Support of their Motion for Emergency Hearing (Doc. 20), and Defendants' responses to Plaintiffs' motions (Docs. 47, 48, 49, 50).

    Plaintiffs seek injunctive relief against Escambia County; the Escambia County Sheriff's Office; Sheriff McNesby; Deputy Sheriffs Smith, Eddies, Gilmore, Peacock, Jackson, and Tatum; and "their officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with them who receive actual notice of the Injunction" (Doc. 19 at 3). Plaintiffs request that they be enjoined "from requiring a permit of any sort to validate Plaintiffs' street preaching activities whole on a public median street, right of way or sidewalk which includes panhandling or collecting donations . . . and holding signs, prayer for motorist offering [sic], giving out free religious literature, and protesting ESO" (*id.* at 2).

    The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted). The grant or denial of

preliminary injunctive relief rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). In order to prevail on a motion for preliminary injunctive relief, Plaintiffs must satisfy four factors:

1. There is a substantial likelihood that Plaintiffs will prevail on the merits;
2. There exists a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to Plaintiffs outweighs the threatened harm the injunction will do to the Defendants; and
4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (citing cases)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted). Injunctions should be granted for definite, future injuries, not conjectural ones. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

Initially, to the extent Plaintiffs seek injunctive relief against non-parties, they are not entitled to relief. The persons from whom injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995) (finding that court lacks subject matter jurisdiction to issue preliminary or permanent injunction against non-party); *see also* Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5th Cir. 1996) (holding that district court is not authorized to grant injunctive relief against non-parties. Therefore, Plaintiffs cannot recover injunctive relief against Escambia County, Deputy Sheriff Tatum,[1] or the "officers, agents, servants, employees, and attorneys and all other persons . . . who receive actual notice of the Injunction."

---

[1] Plaintiffs' claims against Escambia County have since been dismissed (*see* Docs. 33, 56), and Deputy Sheriff Tatum is not a named Defendant in Plaintiffs' complaint (*see* Doc. 1).

Case No.: 3:06cv70/RV/EMT

Next, Plaintiffs cannot satisfy all four factors necessary to prevail on their motion.  First, Plaintiffs have failed to demonstrate a substantial threat that they will suffer irreparable injury if the injunction is not granted.  Plaintiffs state that they "continue to suffer immediate harm as they are prohibited from exercising their constitutional right to display signs with their religious message" (Doc. 19 at 3).  However, Plaintiffs recently filed a *sworn* motion in another case in which they listed a monthly expense of "$200 for gas to travel to Escambia County, Florida in order to street preach because they have liberal panhandling laws."  Bethel v. Loxley, Case No. 1:06cv573/WS/M (Doc. 10) (S.D. Ala. Nov. 6, 2006).  Since Plaintiffs had admitted that they have continued to display signs and panhandle in Escambia County, Florida, they cannot show irreparable injury if the injunction is not granted.

Additionally, the threatened injury to Plaintiffs does not outweigh the threatened harm the injunction will do to Defendants, and the granting of the injunction would disserve the public interest.  As discussed above, Plaintiffs request a broad injunction prohibiting Defendants from "banning, deterring, harassing, threatening to arrest and otherwise chilling the Plaintiffs' First Amendment activities" (holding signs, providing free religious literature, panhandling, and protesting), while Plaintiffs are on any public median, street, right of way, or sidewalk (Doc. 19 at 2, 3).  This broad injunction would give Plaintiffs free rein to disrupt traffic and create chaos, while harming the Defendants' legitimate law enforcement activities (providing for citizen safety and controlling traffic).  Clearly such a result would not serve the public interest.

Therefore, Plaintiffs have failed to carry their burden of persuasion for all of the factors necessary to grant a preliminary injunction.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiffs' motion for emergency hearing for preliminary injunctive relief [and motion for injunctive relief] (Doc. 19) be **DENIED**.

2. That Plaintiffs' motion to submit sworn affidavit and videotaped evidence in support of their motion for injunctive relief (Doc. 20) be **DENIED as moot**.

At Pensacola, Florida this 29th day of November 2006.

/s/ *Elizabeth M. Timothy*

**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:06cv70/RV/EMT