IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORLANDO BETHEL,
GLYNIS BETHEL, *pro se*,

       Plaintiffs,

v.                                              Case No.: 3:06cv70/RV/EMT

ESCAMBIA COUNTY, FL, et al.,

       Defendants.
_____/

**ORDER**

This cause is before the Court for consideration upon the Magistrate Judge's Report and Recommendation, dated November 29, 2006 (Doc. 62) ("R&R"). Plaintiffs, appearing in this case *pro se*, have been furnished a copy of the R&R and have been afforded an opportunity to file --- and have filed --- objections thereto. I have made a *de novo* determination of all timely filed objections.

Plaintiffs are familiar litigants in this Court and other courts as well.[1] In their pleadings, they purport to be "religious Christian street preachers" who minister the

---

[1] Excluding the present litigation, Plaintiffs have filed at least seven other cases in this Court. See Bethel v. Escambia County, et al., 3:03cv342; Bethel v. Escambia County Sheriff's Office et al., 3:05cv376; Bethel v. City of Pensacola, Florida, et al., 3:06cv189; State of Florida v. Bethel, 3:06cv315 (Plaintiffs' attempt to remove a state criminal prosecution to this Court); Bethel v. Escambia County, et al., 3:06cv530; Bethel v. McNesby, et al., 3:06cv531; Bethel v. McNesby, et al., 3:06cv529. Plaintiffs have also filed numerous district court cases in Alabama. See Bethel v. Loxley, 1:06cv573 (S.D. Ala.) (Doc. 12 at 2-3, n.1) (noting that Plaintiffs have filed at least fourteen cases in the Southern District of Alabama).

"gospel of Jesus Christ" and make their living by preaching and asking for donations while standing on public streets in or around traffic intersections in the Northwest Florida and Southern Alabama area. This activity has given rise to confrontations between Plaintiffs and law enforcement which, in turn, have led to Plaintiffs' various court filings.

As for this particular case, Plaintiffs have filed a 179-paragraph, 59-page Amended Complaint, alleging that Defendants have infringed upon their rights to exercise and practice their religious beliefs. In short, Plaintiffs allege that Defendants have interfered (and continue to interfere) with certain of their constitutional and statutory rights by requiring them to obtain a permit to preach and panhandle on the streets and by threatening arrest if a permit is not obtained. Plaintiffs claim that a permit is not required under the law as evidenced, *inter alia*, by the fact that others are allowed to "freely panhandle" without interference.

On September 8, 2006, Plaintiffs filed two documents with the Court. First, Plaintiffs filed a "Motion for Emergency Hearing for Preliminary Injunctive Relief According to Fed. R. Civ. P. 65" (Doc. 19), which the Magistrate Judge also treated as a motion for preliminary injunctive relief (and not simply a request for an "emergency hearing"). Plaintiffs next filed a document that bore the same title noted above, but it was described --- in handwriting above the heading --- as a "Motion to Submit Plaintiffs [*sic*] Sworn Affidavit and Videotaped Evidence and Authentication [indecipherable] in Support" (Doc. 20). The proposed evidence is purportedly a videotape, taken on September 7, 2006, showing Plaintiff Orlando Bethel being threatened with arrest for not having a permit while he was "distributing free religious tracts and receiving donations from the general public."

The Magistrate Judge considered these two filings and issued the R&R. The Magistrate observed that in order to prevail on a motion for a preliminary injunction,

Case No.: 3:06-CV-70/RV/EMT

Plaintiffs must demonstrate that: (i) there is a substantial likelihood that they will prevail on the merits; (ii) there exists a substantial threat that they will suffer irreparable injury if the injunction is not granted; (iii) the threatened injury outweighs possible harm the injunction will do to Defendants; and (iv) the granting of the injunction will not disserve the public interest. See CBS Broadcasting, Inc. v. EchoStar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (citing cases)). The Eleventh Circuit has made clear that a preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to all four elements." Id.

The Magistrate Judge analyzed and applied the above law and concluded that Plaintiffs had not satisfied elements (ii), (iii), (iv). Because Plaintiffs did not carry their burden of persuasion as to each of the required elements, the Magistrate recommended that I deny the request for a preliminary injunction (Doc. 19), and recommended that I deny the request to submit the affidavit and videotaped evidence in support thereof as moot (Doc. 20). Based on the record as developed, I agree with, and accept, the former recommendation.  But, I must conclude that Plaintiffs, particularly in light of their *pro se* status, are entitled to supplement their request for injunctive relief with supporting evidence that meets the evidentiary admissibility requirements.[2]   Upon a proper showing, a hearing may be necessary. Defendants, of course, will be afforded the opportunity to review and challenge any of the plaintiffs' proffered evidence.

---

[2] Plaintiffs have filed what purports to be an affidavit affirming that the videotape evidence is authentic and has not been "altered or tampered with." However, I note that Plaintiffs originally signed this affidavit, and the notary public before whom Plaintiffs appeared likewise signed the form, on August 31, 2006, seven days *before* the event allegedly depicted on the videotape (Doc. 20).

Case No.: 3:06-CV-70/RV/EMT

I add a cautionary warning to the plaintiffs.  I note that the plaintiffs have become increasingly hostile and caustic in their pleadings before this Court. For example, throughout their entire objection to the R&R, Plaintiffs use vile, profane, and disrespectful language --- language that will not be repeated here --- in describing and referring to Magistrate Judge Elizabeth Timothy.[3] This improper language and conduct cannot, and will not, be allowed to continue. Irrespective of whether such language and conduct can be reconciled with persons purportedly ministering the love and "gospel of Jesus Christ," see Doc. 13 at ¶¶ 16-17, the fact remains that such language and behavior violates all of the rules and standards regarding civility and acceptable language usage in this court.  It will not be tolerated.  **PLAINTIFFS ARE HEREBY PLACED ON NOTICE THAT THE FURTHER FILING OF ANY SUCH FOUL-LANGUAGED OR DISRESPECTFUL MATERIALS IN THIS CASE, OR IN ANY OTHER CASE BEFORE ME, WILL NOT ONLY BE SUMMARILY STRICKEN, BUT WILL GENERATE IMMEDIATE SANCTIONS (INCLUDING, BUT NOT LIMITED TO, DISMISSAL OF THE CASE AND MONETARY FINES) AND SEPARATE CRIMINAL CONTEMPT PROCEEDINGS.**

Accordingly, it is now ORDERED as follows:

(1) The Magistrate Judge's report and recommendation is adopted and incorporated by reference in this order.

(2) Plaintiffs' motion for emergency hearing for preliminary injunctive relief

---

[3] This tactic is by no means new for the Bethels. They have directed similar vitriol at Magistrate Judge Miles Davis in other cases in this court, and they have been threatened with sanctions for doing so. See Bethel v. Escambia County Sheriff's Office et al., 3:05cv376 (Docs. 106, 111). Plaintiffs have also been called out, and threatened with sanctions, for their "venomous rhetoric," "inflammatory invective" and "ever-escalating verbal barrage" in the Southern District of Alabama as well. See Bethel v. Loxley, 1:06cv573 (S.D. Ala.) (Doc. 18) (noting that the Bethels "have demonstrated a pattern of impugning the integrity of the court whenever the undersigned or any other judge enters a ruling adverse to them").

Case No.: 3:06-CV-70/RV/EMT

and motion for injunctive relief (doc. 19) are DENIED, without prejudice.

(3) Plaintiffs' motion to submit sworn affidavit and videotaped evidence in support of their motion for injunctive relief (doc. 20) shall be further considered by the Magistrate Judge.

DONE and ORDERED this 20th day of December, 2006.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**